IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED FOR DOCKETING
04 NOV -3 PM 1:43
U.S. DISTRICT COURT
CLERK

| | |
|---|---|
| ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, Deceased ) ) ) ) | 04C 7092 |
| Plaintiff, ) ) | JUDGE MAROVICH |
| v. ) ) | Cook Co. Case No.04-L-011196 |
| PULTE HOME CORPORATION, a Foreign Corporation, and PULTE HOME, INC., a Foreign Corporation. ) ) ) ) ) | MAGISTRATE JUDGE ASHMAN |
| Defendants. ) | DOCKETED NOV 0 8 2004 |

### NOTICE OF REMOVAL OF A CIVIL ACTION

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**NOW COME** Defendants, PULTE HOME CORPORATION, and PULTE HOME, INC., (collectively "PULTE"), by and through their attorneys, BELGRADE AND O'DONNELL, P.C., and for their NOTICE OF REMOVAL, state as follows:

1. An action has been commenced against PULTE in the Circuit Court of the State of Illinois, County of Cook, County Department, Law Division, entitled ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, Deceased v. PULTE HOME CORPORATION and PULTE HOME, INC., Case No. 04-L-011196.

2. This action was commenced against PULTE in the Illinois state court on October 4, 2004, and is now pending therein.

3. On or about October 14, 2004, PULTE received service of a Summons and the Complaint in the above entitled action. (Copies of the Summons and Complaint are attached hereto and incorporated herein as Exhibit "A" and constitute all process, pleadings and orders served upon Defendants, PULTE, in this action.

4. In the multi-count Complaint pertaining to the above entitled action, Plaintiff requests an amount in excess of one hundred and fifty thousand dollars ($150,000.00).

5. As such, the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

6. In addition, the instant action is between a citizen and corporation(s) that are domiciled in different states because at the time of the commencement of this action, Defendant PULTE HOME CORPORATION is and was a corporation incorporated under the laws of the state of Michigan with its principal place of business in Bloomfield Hills, Michigan; co-defendant, PULTE HOME, INC. is and was a corporation incorporated under the laws of the state of Michigan with its principal place of business in Bloomfield Hills, Michigan; and Plaintiff is and was a citizen of the state of Illinois.

7. Counsel for Plaintiff has confirmed that Plaintiff is a citizen of the State of Illinois.

8. This action was brought in the State of Illinois; the Defendants were not at the time of the institution of the action, nor are they now, corporations incorporated under the laws of the State of Illinois and Defendants did not have at the time of the institution of this action, nor do they now, their principle places of business in the State of Illinois.

**WHEREFORE,** based upon the ground for removal set forth above, Defendants, PULTE HOME CORPORATION and PULTE HOME INC., have filed this Notice of Removal, removing the instant action for the Circuit Court of the State of Illinois for Cook County to this Court.

**PULTE HOME CORPORATION and PULTE HOME INC.,**

By: _____
One of Their Attorneys

John A. O'Donnell
Michael O'Donnell
**BELGRADE AND O'DONNELL, P.C.**
20 N. Wacker Drive
Suite 1900
Chicago, Illinois 60606
(312) 422-1700

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

No. _____

(Name all parties)

ALMA AVALOS, Special Administrator of the Estate of
JUAN AVALOS, Deceased,

v.

PULTE HOME CORPORATION, a Foreign Corp., and
PULTE HOME, INC., a Foreign Corp.

PLEASE SERVE:
Pulte Home, Inc.
33 Bloomfield Hills Parkway
Suite 200
Bloomfield Hills, MI 48304

c/o Mary S. Alexander
Vice President-Legal

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

OCT 04 2004

Atty. No.: 20028
Name: Stephen M. Passen, Ltd.
Atty. for: Plaintiff
Address: One East Wacker Drive, Suite 2406
City/State/Zip: Chicago, Illinois 60601
Telephone: (312)527-4500

WITNESS, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL

EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) ) ) | No. |
| PULTE HOME CORPORATION, a Foreign Corporation and PULTE HOME, INC. a Foreign Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I - WRONGFUL DEATH

Plaintiff, ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, by and through her attorneys, STEPHEN M. PASSEN, LTD., complaining against Defendant, PULTE HOME CORPORATION, states as follows:

1. On or before February 11, 2004, PULTE HOME CORPORATION was a general contractor and builder engaged in the construction and sale of residential properties, including property which it owned located at 11539 Glenn Circle, in the city of Plainfield, County of Will and State of Illinois (Hereinafter "construction project").

2. On or before February 11, 2004, PULTE HOME CORPORATION was responsible for the safety of the construction project and all workers working at the project including those subcontractors providing materials at the project site.

1

3. On and before February 11, 2004, PULTE HOME CORPORATION was responsible for supervising and directing the work at the construction project, and responsible for and having charge and control of construction means, methods, techniques, sequences, and procedures for coordinating all portions of the work on site.

4. On February 11, 2004, Decedent, JUAN AVALOS (Hereinafter "Decedent") was employed by F.E. WHEATON LUMBER COMPANY (Hereinafter "F.E. WHEATON"), a subcontractor who provided materials at the construction site, and was lawfully performing his work at the construction project.

5. On February 11, 2004, Decedent was killed when, while standing in the cargo area of a box truck that was backing into the driveway at the construction project, his head became pinned between the truck and house under construction.

6. On February 11, 2004, PULTE HOME CORPORATION, by and through its agents and employees, was negligent in one or more of the following respects:

    a. Failed to have a competent superintendent or assistant available at the construction project supervising deliveries at the site.

    b. Failed to restrict subcontractors from making deliveries on the driveway at the construction project.

    c. Failed to supervise all delivery drivers and/or helpers who were engaged in backing up any vehicles in the driveway at the construction site.

    d. Failed to instruct all delivery drivers and/or helpers to stay clear of the rear of the vehicle while directing it to be backed up in the driveway at the construction site.

    e. Failed to enforce its own rule prohibiting deliveries to be made on the driveway at the construction project.

    f. Failed to inform subcontractors, including F.E. WHEATON, that they were prohibited from making deliveries on the driveway at the construction project.

g. Allowed an unnatural accumulation of ice to form on the driveway creating a dangerous condition for subcontractors operating vehicles on it.

7. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, PULTE HOME CORPORATION, Decedent sustained injuries of a personal and pecuniary nature resulting in his death on February 11, 2004.

8. JUAN AVALOS left surviving him as his heirs and next of kin ALMA AVALOS, his wife, and ALEXIS AVALOS his daughter, who sustained pecuniary loss as a result of his death, including loss of love, affection, guidance, companionship and society.

9. A copy of an Order appointing ALMA AVALOS as Special Administrator of the Estate of JUAN AVALOS, Deceased, is attached as Exhibit 1.

10. Plaintiff, ALMA AVALOS, as Special Administrator of the Estate of JUAN AVALOS, Deceased, brings this cause of action, pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

11. At all times relevant hereto, PULTE HOME CORPORATION built homes and otherwise transacted business in Cook County, Illinois.

WHEREFORE, Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS deceased, prays for judgment against Defendant, PULTE HOME CORPORATION, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, as shall be just compensation for the pecuniary loss sustained, including loss of society, plus costs.

## COUNT II - SURVIVAL ACTION

Plaintiff, ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, by and through her attorneys, STEPHEN M. PASSEN, LTD., complaining against Defendant, PULTE HOME CORPORATION, states as follows:

1-6. Plaintiff repeats, readopts, and realleges paragraphs 1 through 6 of Count I as paragraphs 1 through 6 of Count II as if specifically set forth herein.

7. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, PULTE HOME CORPORATION, Plaintiff-decedent, ALMA AVALOS, was greatly injured and became weakened and suffered extreme and severe conscious pain and physical and emotional suffering prior to his February 11, 2004. Had he survived, he would have been entitled to bring an action for such damages and such action survives him and accrues to his heirs at law, to wit, his wife: ALMA AVALOS and his daughter ALEXIS AVALOS.

8. A copy of an Order appointing ALMA AVALOS as Special Administrator of the Estate of JUAN AVALOS, Deceased, is attached as Exhibit 1.

9. At all times relevant hereto, PULTE HOME CORPORATION built homes and otherwise transacted business in Cook County, Illinois.

WHEREFORE, Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS deceased, prays for judgment against Defendant, PULTE HOME CORPORATION, for a sum in excess of the jurisdictional limit of the Circuit Court of Will County, as shall be just compensation for the pecuniary loss sustained, including loss of society, plus costs.

## COUNT III - FAMILY EXPENSE ACT

Plaintiff, ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, by and through her attorneys, STEPHEN M. PASSEN, LTD., complaining against Defendant, PULTE HOME CORPORATION, states as follows:

1-6. Plaintiff, repeats, readopts, and realleges paragraphs 1 through 6 of Count I as paragraphs 1 through 6 of Count III as if specifically set forth herein.

7. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, PULTE HOME CORPORATION, the Estate of ALMA AVALOS, Deceased, has incurred considerable expenses for the Plaintiff's decedent's funeral, burial, and medical expenses.

8. A copy of an Order appointing ALMA AVALOS as Special Administrator of the Estate of JUAN AVALOS, Deceased, is attached as **Exhibit 1**.

9. Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS, Deceased, brings this cause of action, pursuant to 750 ILCS 65/15 et. seq., commonly known as the Family Expense Act.

10. At all times relevant hereto, PULTE HOME CORPORATION built homes and otherwise transacted business in Cook County, Illinois.

WHEREFORE, Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS deceased, prays for judgment against Defendant, PULTE HOME CORPORATION, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, as shall be just compensation for the pecuniary loss sustained, including loss of society, plus costs.

## COUNT IV - WRONGFUL DEATH

Plaintiff, ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, by and through her attorneys, STEPHEN M. PASSEN, LTD., complaining against Defendant, PULTE HOME, INC., states as follows:

1. On or before February 11, 2004, PULTE HOME, INC. was a general contractor and builder engaged in the construction and sale of residential properties, including property which it owned located at 11539 Glenn Circle, in the city of Plainfield, County of Will and State of Illinois (Hereinafter "construction project").

2. On or before February 11, 2004, PULTE HOME, INC. was responsible for the safety of the construction project and all workers working at the project including those subcontractors providing materials at the project site.

3. On and before February 11, 2004, PULTE HOME, INC. was responsible for supervising and directing the work at the construction project, and responsible for and having charge and control of construction means, methods, techniques, sequences, and procedures for coordinating all portions of the work on site.

4. On February 11, 2004, Decedent, JUAN AVALOS (Hereinafter "Decedent") was employed by F.E. WHEATON LUMBER COMPANY (Hereinafter "F.E. WHEATON"), a subcontractor who provided materials at the construction site, and was lawfully performing his work at the construction project.

5. On February 11, 2004, Decedent was killed when, while standing in the cargo area of a box truck that was backing into the driveway at the construction project, his head became pinned between the truck and house under construction.

6

6. On February 11, 2004, PULTE HOME, INC. by and through its agents and employees, was negligent in one or more of the following respects:

   a. Failed to have a competent superintendent or assistant available at the construction project supervising deliveries at the site.

   b. Failed to restrict subcontractors from making deliveries on the driveway at the construction project.

   c. Failed to supervise all delivery drivers and/or helpers who were engaged in backing up any vehicles in the driveway at the construction site.

   d. Failed to instruct all delivery drivers and/or helpers to stay clear of the rear of the vehicle while directing it to be backed up in the driveway at the construction site.

   e. Failed to enforce its own rule prohibiting deliveries to be made on the driveway at the construction project.

   f. Failed to inform subcontractors, including F.E. WHEATON, that they were prohibited from making deliveries on the driveway at the construction project.

   g. Allowed an unnatural accumulation of ice to form on the driveway creating a dangerous condition for subcontractors operating vehicles on it.

7. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, PULTE HOME, INC., decedent sustained injuries of a personal and pecuniary nature resulting in his death on February 11, 2004.

8. JUAN AVALOS left surviving him as his heirs and next of kin ALMA AVALOS, his wife, and ALEXIS AVALOS his daughter, who sustained pecuniary loss as a result of his death, including loss of love, affection, guidance, companionship and society.

9. A copy of an Order appointing ALMA AVALOS as Special Administrator of the Estate of JUAN AVALOS, Deceased, is attached as Exhibit 1.

7

10. Plaintiff, ALMA AVALOS, as Special Administrator of the Estate of JUAN AVALOS, Deceased, brings this cause of action, pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

11. At all times relevant hereto, PULTE HOME, INC. built homes and otherwise transacted business in Cook County, Illinois.

WHEREFORE, Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS deceased, prays for judgment against Defendant, PULTE HOME, INC., for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, as shall be just compensation for the pecuniary loss sustained, including loss of society, plus costs.

## COUNT V - SURVIVAL ACTION

Plaintiff, ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, by and through her attorneys, STEPHEN M. PASSEN, LTD., complaining against Defendant, PULTE HOME, INC., states as follows:

1-6. Plaintiff repeats, readopts, and realleges paragraphs 1 through 6 of Count IV as paragraphs 1 through 6 of Count V as if specifically set forth herein.

7. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, PULTE HOME, INC. Plaintiff-decedent, ALMA AVALOS, was greatly injured and became weakened and suffered extreme and severe conscious pain and physical and emotional suffering prior to his February 11, 2004. Had he survived, he would have been entitled to bring an action for such damages and such action survives him and accrues to his heirs at law, to wit, his wife: ALMA AVALOS and his daughter ALEXIS AVALOS.

8. A copy of an Order appointing ALMA AVALOS as Special Administrator of the Estate of JUAN AVALOS, Deceased, is attached as **Exhibit 1**.

8

9. At all times relevant hereto, PULTE HOME, INC. built homes and otherwise transacted business in Cook County, Illinois.

WHEREFORE, Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS deceased, prays for judgment against Defendant, PULTE HOME, INC., for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, as shall be just compensation for the pecuniary loss sustained, including loss of society, plus costs.

## COUNT VI - FAMILY EXPENSE ACT

Plaintiff, ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, by and through her attorneys, STEPHEN M. PASSEN, LTD., complaining against Defendant, PULTE HOME, INC. states as follows:

1-6. Plaintiff, repeats, readopts, and realleges paragraphs 1 through 6 of Count IV as paragraphs 1 through 6 of Count VI as if specifically set forth herein.

7. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, PULTE HOME, INC., the Estate of ALMA AVALOS, Deceased, has incurred considerable expenses for the Plaintiff's decedent's funeral, burial, and medical expenses.

8. A copy of an Order appointing ALMA AVALOS as Special Administrator of the Estate of JUAN AVALOS, Deceased, is attached as **Exhibit 1**.

9. Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS, Deceased, brings this cause of action, pursuant to 750 ILCS 65/15 et. seq., commonly known as the Family Expense Act.

10. At all times relevant hereto, PULTE HOME, INC. built homes and otherwise transacted business in Cook County, Illinois.

9

WHEREFORE, Plaintiff, ALMA AVALOS, Individually and as Special Administrator of the Estate of JUAN AVALOS deceased, prays for judgment against Defendant, PULTE HOME, INC., for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, as shall be just compensation for the pecuniary loss sustained, including loss of society, plus costs.

Respectfully submitted,

STEPHEN M. PASSEN, LTD.

By: _____

Stephen M. Passen, Ltd.
One East Wacker Drive, Suite 2406
Chicago, Illinois 60601
(312)527-4500

ED-7
FILED FOR DOCKETING

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

04 NOV -3 PM 1:43

CLERK
U.S. DISTRICT COURT

## Civil Cover Sheet

**DOCKETED**
NOV 0 8 2004

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**04C 7092**

| | |
|---|---|
| **Plaintiff(s):** ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, Deceased. | **Defendant(s):** PULTE HOME CORPORATION and PULTE HOME, INC. |
| County of Residence: KANE | County of Residence: |
| Plaintiff's Atty: Stephen M. Passen, Stephen M. Passen, LTD, One E. Wacker Dr., Suite 2406, 312/527-4500 | Defendant's Atty: Michael P. O'Donnell, Belgrade & O'Donnell, P.C., 20 N. Wacker Dr., Suite 1900, 312/422-1700 |

**JUDGE MAROVICH**

**II. Basis of Jurisdiction:** 4. Diversity (complete item III)

**MAGISTRATE JUDGE ASHMAN**

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff:- 1 Citizen of This State
Defendant:- 5 Non IL corp and Principal place of Business outside IL

**IV. Origin:** 2. Removed From State Court

**V. Nature of Suit:** 360 Other Personal Injury

**VI. Cause of Action:** 28 USCS § 1441 removal based on 28 USCS § 1332 diversity of citizenship

**VII. Requested in Complaint**
Class Action: No
Dollar Demand: $300,000.00
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _Michael P. O'Donnell_
Date: 11-3-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                                    11/3/2004

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In the Matter of

ALMA AVALOS, Special Administrator of the Estate of JUAN AVALOS, Deceased.
v.
PULTE HOME CORPORATION, a Foreign Corporation, and PULTE HOME, INC., a Foreign Corporation.

Case Number: 04C 7092

JUDGE MAROVICH

FILED FOR DOCKETING
ED-7
04 NOV -3 PM 1:43
CLERK
U.S. DISTRICT COURT

DOCKETED NOV 0 8 2004

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
PULTE HOME CORPORATION and PULTE HOME INC.,

### (A)
- SIGNATURE: [signed]
- NAME: John A. O'Donnell
- FIRM: BELGRADE AND O'DONNELL, P.C.
- STREET ADDRESS: 20 North Wacker Drive, Suite 1900
- CITY/STATE/ZIP: Chicago, Illinois 60606
- TELEPHONE NUMBER: 312/422-1700
- FAX NUMBER: 312/422-1717
- E-MAIL ADDRESS: jodonnell@bodpc.com
- IDENTIFICATION NUMBER: 6181205
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☑ NO ☐

### (B)
- SIGNATURE: [signed] Michael P. O'Donnell
- NAME: Michael P. O'Donnell
- FIRM: BELGRADE AND O'DONNELL, P.C.
- STREET ADDRESS: 20 North Wacker Drive, Suite 1900
- CITY/STATE/ZIP: Chicago, Illinois 60606
- TELEPHONE NUMBER: 312/422-1700
- FAX NUMBER: 312/422-1717
- E-MAIL ADDRESS: modonnell@bodpc.com
- IDENTIFICATION NUMBER: 6244720
- MEMBER OF TRIAL BAR? YES ☐ NO ☑
- TRIAL ATTORNEY? YES ☐ NO ☑
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑

### (C)
(blank)

### (D)
(blank)